```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                      LAREDO DIVISION
                                  §
                                  §
In re JAVIER ESTRADA, INC.,       §  CIVIL ACTION NO. L-10-13
                                  §
         Debtor/Appellant.        §
                                  §  BANKRUPTCY CASE NO. 09-50324
                                  §
                                  §
```

## MEMORANDUM AND ORDER

Debtor Javier Estrada, Inc., has filed an emergency motion (Dkt. 6) to stay the Bankruptcy Court's order of February 11, 2010 (Bankr. Dkt. 59), which converted Debtor's bankruptcy into a Chapter 7 case. Debtor has also filed a motion for an extension of time to file an appellate brief. (Dkt. 8.)

The motion for an extension of time is premature. Under Rule 8009(a)(1), Fed. R. Bankr. P., an appellant must file a supporting brief within "14 days after entry of the appeal on the docket pursuant to Rule 8007." Entry of the appeal, however, will not occur until the appellate record has been assembled. See Rule 8007(b); see also Rules 8001(a), 8006. A record has not been assembled for this appeal because Debtor has not yet supplied the Clerk of the Court with a transcript of the February 10, 2010, hearing on the motion to convert.[1] (Clerk's

---

[1] The Rules of Bankruptcy Procedure contemplate the record being assembled by the Clerk of the Bankruptcy Court and then being transferred to the Clerk of the District Court. Historically,

Minute Entry of Mar. 22, 2010); See also (Dkt. 8 at 1); Rule 8006, Fed. R. Bankr. P.

When this Court must consider an emergency motion without the benefit of an appellate record, the Rules of Bankruptcy Procedure provide that any party may have the Clerk of the Court docket a copy of any part of the Bankruptcy Court's record. See Rule 8007. Debtor has not made use of that or any other procedure to bring any part of the Bankruptcy Court's record before this Court. However, of its own accord the Court has accessed those parts of the record available through the Bankruptcy Court's electronic filing system, and acquired copies of the non-electronic documents Debtor presented at the February 10, 2010, hearing. Given that Debtor filed the motion to stay on an emergency basis, the Court has proceeded without the benefit of the February 10 hearing's transcript.[2]

A district court reviews a bankruptcy court's conclusions of law de novo. In re First South Savings Association, 820 F.2d 700, 711 (5th Cir. 1985). Findings of fact are reviewed for clear error. Id. "'A finding is clearly erroneous when

---

there is one Clerk in the Southern District of Texas who serves as both the Clerk of the Bankruptcy Court and the Clerk of the District Court.

[2] The Court notes that, while notice of Debtor's appeal was filed on February 22, 2010 (Dkt. 1), Debtor did not order a transcript of the February 10 hearing until March 11, 2010. (Bankr. Dkt. 91.)

although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" Id. (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)); see also Carrieri v. Jobs.com, Inc., 393 F.3d 508, 517 (5th Cir. 2004).

To obtain a stay pending appeal, Debtor must show:

1. A likelihood of success on the merits, or, if a serious legal question is involved, a substantial case on the merits and equities weighing heavily in favor of granting the stay;

2. irreparable injury;

3. that the stay will not harm other parties; and

4. that the stay would serve the public interest.

Arnold v. Garlock, Inc., 278 F.3d 426, 438-42 (5th Cir. 2001).

A party in interest in a Chapter 11 bankruptcy proceeding may move to convert the case to a Chapter 7 proceeding. 11 U.S.C. § 1112(b). The movant must establish cause. Id. The Bankruptcy Code sets forth several specific circumstances independently sufficient to constitute cause, including:

   substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

   failure to maintain appropriate insurance that poses a risk to the estate or to the public;

>unexcused failure to satisfy timely any filing or reporting requirement established by [Title 11] or by any rule applicable to a case under [Chapter 11];
>
>Failure to timely pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief.

11 U.S.C. § 1112(b)(4)(A), (B), (C), (F), (I). Before filing the instant motion, Debtor sought a stay of the conversion order from the Bankruptcy Court, which refused the stay in an Order of March 8, 2010. (Bankr. Dkt. 85, Bankr. Ct. Order of March 8, 2010, 1-4.) That Order sets forth factual findings, none of them clearly erroneous, that are clearly sufficient to establish cause to convert the case.

Although lacking public liability insurance, Debtor nonetheless operated its ambulances for three months after filing for bankruptcy on November 4, 2010. (<u>Id.</u> at 2.) There is some indication that Debtor's principal purchased insurance with his own funds in February, 2010. However, Debtor does not presently have adequate funds to continue paying the premiums. (<u>Id.</u> at 3.) Debtor failed to file monthly operating budgets and various other reports required by the Bankruptcy Code. (<u>Id.</u> at 3; Bankr. Dkt. 89, Bankr. Ct. Order of March 10, 2010, 5, 13.) Debtor also failed to pay employment taxes after filing for bankruptcy. (Bankr. Ct. Order of March 8, 2010, 4.)

Those findings alone constitute cause to convert the case. However, the evidence also indicates that the estate has been

substantially diminished, and that there is no reasonable likelihood of rehabilitation. (Id. at 3, 3 n.7.) Debtor asserts that its past earnings and current assets are such that a Chapter 11 reorganization promises a greater return for its creditors than liquidation. (Dkt. 6 at 10.) However, Debtor relies largely on figures that are inconsistent with the Chapter 11 Trustee's testimony and the most recent reports of Debtor's finances. (See Bankr. Ct. Order of March 8, 2010, 3, 3 n.7.) Moreover, Debtor's calculations appear to assume that it will collect most or all of its accounts receivable, and there is substantial reason to doubt that assumption under the circumstances of this case.

Having reviewed the relevant portions of the Bankruptcy Court's record that are available, the Court finds no clear error in the relevant findings of fact set forth in the Bankruptcy Court's Orders of March 8 and March 10, 2010. Those findings indicate that Debtor's appeal does not present a substantial case on the merits, much less a likelihood that it will prevail. Indeed, nearly all of the evidence available to the Court suggests that the Bankruptcy Court was obliged to convert the case to a liquidation. See 11 U.S.C. § 1112(b)(1). Debtor's motion (Dkt. 6) is DENIED.

DONE at Laredo, TX, this 5th day of April, 2010.

_____
George P. Kazen
Senior United States District Judge